UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-03099-SVW-FMO | Date | May 22, 2012 |
|---|---|---|---|
| Title | Judith Meythaler v. Wal-Mart Stores Inc et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER Re EX PARTE APPLICATION to Remand to Los Angeles Superior Court [9]

## I. INTRODUCTION

On March 6, 2012, Plaintiff Judith Meythaler filed the instant action against Defendants Wal-Mart Stores, Inc. ("Wal-Mart") and individual Defendant Teresa Romero in Los Angeles County Superior Court alleging disability discrimination, failure to provide reasonable accommodation, retaliation, wrongful termination in violation of public policy, and intentional infliction of emotional distress. On April 9, 2012, Wal-Mart removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b). It is undisputed that Defendant Romero is non-diverse. However, Wal-Mart removed the instant action to this case on the basis of diversity of citizenship arguing that Romero is fraudulently joined in this action.

On April 30, 2012, Plaintiff filed the instant *ex parte* Application to Remand. Plaintiff's Application is GRANTED for the reasons set forth in this Order.

## II. RELEVANT ALLEGATIONS

Plaintiff, a former Wal-Mart employee, alleges that, in June 2011, she learned that she would have to take a leave of absence based on a medical condition that would eventually require her to undergo surgery on her foot. (Compl. ¶ 7). Wal-Mart approved Plaintiff's leave through October 12, 2011. (Id.). Plaintiff alleges that her doctor told her that she would need to take additional leave, and provided her with documentation to that effect. (Id. ¶ 8). Plaintiff alleges that she provided Defendants with that documentation on or about December 5, 2011, and that Wal-Mart extended her leave through January 28, 2012. Id.

Plaintiff alleges that, during holiday visits to her workplace on December 17 and 21, 2011, she spoke with coworkers and managers but was not told that there were any problems with her leaves of

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-03099-SVW-FMO | Date | May 22, 2012 |
|---|---|---|---|
| Title | Judith Meythaler v. Wal-Mart Stores Inc et al | | |

JS - 6

absence. (Id. ¶ 9). Plaintiff alleges that, on or about December 29, 2011, her doctor told her that she would again need additional leave. (Id. ¶ 10). Plaintiff alleges that she called Wal-Mart on that same day and spoke with her manager, Defendant Romero. (Id.). Plaintiff alleges that Romero told her that both her leave and her employment had terminated as of December 12, 2011.

### III.   LEGAL STANDARD

Here, Wal-Mart removed the action pursuant to 28 U.S.C. § 1441(b), which permits removal under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Generally, "[t]he presence of the nondiverse party automatically destroys original [subject matter] jurisdiction." Wis. Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998). However, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); see also Zogbi v. Federated Dept. Store, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991). Such fraudulently joined "sham defendants" are disregarded for purposes of determining subject matter jurisdiction, and the Court's exercise of diversity jurisdiction is proper. See McCabe, 811 F.2d at 1339. But if the defendant is not fraudulently joined, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c). See Hunter v. Philip Morris USA, 582 F.3d 1039, 1048 (9th Cir. 2009).

In applying the fraudulent joinder rule, it must be emphasized that the state law must be "settled" and the complaint's deficiency must be "obvious." See McCabe, 811 F.3d at 1339. These standards reflect the "general presumption against fraudulent joinder" that complements the "strong presumption against removal jurisdiction." Hunter, 582 F.3d at 1046. Federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); see also Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

In quoting from the Fifth Circuit's decision in Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 576 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005), the Ninth Circuit has endorsed the view that "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper," and "an inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1044 (quoting Smallwood, 385 F.3d at 573-74).

Under these principles, federal courts in this circuit have applied the fraudulent joinder rule only in cases where it is undisputably clear (or "obvious," in the language in McCabe) that the plaintiff states no cause of action against the non-diverse defendant. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067-68 (9th Cir. 2001) (affirming finding of fraudulent joinder in negligent misrepresentation action where the nondiverse defendant's alleged misrepresentation was "devoid of any meaningful specificity," the plaintiffs' past actions established that they "could not have reasonably

|  |  : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-03099-SVW-FMO | Date | May 22, 2012 |
|---|---|---|---|
| Title | Judith Meythaler v. Wal-Mart Stores Inc et al | | |

JS - 6

relied upon such statement in any event," and a plaintiff's own affidavit "specifically denied that she ever discussed" the alleged matters with the defendant); Kruso v. Int. Tel. & Teleg. Co., 872 F.2d 1416, 1427 (9th Cir. 1989) (affirming finding of fraudulent joinder where "none of the plaintiffs were personally involved in any of the transactions in question," which "deprives plaintiffs of standing to sue defendants"); McCabe, 811 F.2d at 1339 (affirming finding of fraudulent joinder in tortious interference with contract action where nondiverse defendants had acted in managerial capacity and California law privileges agents' conduct done on principal's behalf in interference with contract actions) (citing Los Angeles Airways, Inc. v. Davis, 687 F.2d 321, 328 (9th Cir. 1982)); Maffei v. Allstate Cal. Ins. Co., 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (dismissing claims against nondiverse corporate defendant where evidence showed that defendant "has never conducted any business of any kind anywhere, has never been capitalized, has never had any assets, . . . has never had any employees, offices, or operations of any kind, . . . [and] in short, . . . is nothing more than an empty corporate shell created in anticipation of a business plan that was never carried out") (internal quotations omitted); Brown v. Allstate Ins. Co., 17 F. Supp. 2d 1134, 1136-37 (S.D. Cal. 1998) (dismissing claims against nondiverse individual defendants where defendants were named in complaint caption and headings but "no material allegations against these defendants are made" and defendants' names were entirely absent from "the body of the complaint [due to] a typographical error"); Gasnik v. State Farm Ins. Co., 825 F. Supp. 245, 249 (E.D. Cal. 1992) (dismissing claims against nondiverse individual insurance agent where agent's relationship to the plaintiff arose solely out of negotiation and execution of insurance contract; settled and obvious law provided that agents are not liable on contracts where they fully disclose the existence and identity of their principal) (citing Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (1966); Cal. Labor Code § 2802)); Zogbi v. Federated Dept. Store, 767 F. Supp. 1037, 1041-42 (C.D. Cal. 1991) (dismissing claims for breach of employment contract against nondiverse individual defendants, as defendants were plaintiff's managers and were not parties to the employment contract).

Basic "principles of comity and federalism," as well as the ever-important consideration of judicial economy, counsel that fraudulent joinder should not provide defendants with a "broad[] license to escape from state court." Smallwood, 385 F.3d at 576; see also Albi v. Street & Smith Publications, 140 F.2d 310, 312 (9th Cir. 1944) ("In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court."). Parties should not be able to expand federal jurisdiction beyond its statutory boundaries by using fraudulent-joinder-based removal as a replacement for the state court demurrer.

Additionally, when there are multiple defendants and the plaintiff's complaint states factually similar allegations against all of the defendants, a finding of fraudulent joinder is necessarily intertwined with the substantive merits of the various causes of action. In such a case, "there is no improper joinder; there is only a lawsuit lacking in merit. . . . In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such." Smallwood, 385 F.3d at 574; see also Hunter, 582 F.3d at 1044-45 (quoting Smallwood for this proposition). In these situations, a finding of

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-03099-SVW-FMO | Date | May 22, 2012 |
|---|---|---|---|
| Title | Judith Meythaler v. Wal-Mart Stores Inc et al | | |

JS - 6

fraudulent joinder "effectively decide[s] the entire case." Smallwood, 385 F.3d at 571; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) (reversing district court where "the district court, in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits."). For purposes of determining whether the court may exercise its diversity jurisdiction, such a merits-based decision is improper. See Smallwood, 385 F.3d at 575 (citing Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 151-53 (1914); Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906)).

**IV.     DISCUSSION**

In its Opposition to Plaintiff's Application, Wal-Mart argues that this Court may disregard Ms. Romero as a sham defendant because there is no possibility that Plaintiff can establish liability against her. The only cause of action Plaintiff brings against Defendant Romero is Plaintiff's Fifth Cause of Action for Intentional Infliction of Emotional Distress. As noted above, Plaintiff alleges that Wal-Mart and Romero extended Plaintiff's leave of absence through January 28, 2012. Plaintiff further alleges that Romero consistently assured Plaintiff "that it was alright and Plaintiff's job was safe." (Compl. ¶ 45). Plaintiff alleges that, on December 29, 2011, Romero essentially changed her story and falsely claimed that, contrary to her prior assurances, Plaintiff's leave had ended on December 12, 2011, and that Plaintiff's employment with Wal-Mart had already terminated. (Id. ¶ 46). It is on the basis of this conduct that Plaintiff brings her claim for intentional infliction of emotional distress against non-diverse Defendant Romero.

Wal-Mart argues that Plaintiff has failed to plead that she suffered severe emotional distress, or that Defendant Romero engaged extreme and outrageous conduct, as required for such a claim. The Court agrees with Wal-Mart that the cases that Plaintiff relies upon are factually distinguishable for the reasons set forth in Wal-Mart's Opposition. The Court further agrees with Wal-Mart that, generally, emotional distress caused by terminations and other employment actions are subject to the exclusive remedy provision of workers' compensation law. Only where a supervisor's actions were in and of themselves injurious, irrespective of the adverse employment action they cause the employer to take is a supervisor's conduct taken out of the realm of simple employment actions. Miklosy v. Regents of Univ. of Calif., 44 Cal.4th 876, 901 (2008). Wal-Mart argues that Plaintiff's allegations against Ms. Romero do not implicate any conduct that falls outside the "normal course of the employer-employee relationship." Miklosy, 44 Cal.4th at 902. Accordingly, Wal-Mart argues that the exclusive remedy provision of the workers' compensation law bars Plaintiff's alleged emotional distress caused by Ms. Romero's conduct.

However, this Court cannot say that it is undisputably clear at this stage that Plaintiff states no cause of action against Romero. The fraudulent joinder cases referenced in the legal standard section above can all be distinguished from the instant action because, on the facts in each of those cases, it was absolutely certain that the plaintiffs in those cases could not, under any circumstances, plead a viable

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-03099-SVW-FMO | Date | May 22, 2012 |
|---|---|---|---|
| Title | Judith Meythaler v. Wal-Mart Stores Inc et al | | |

JS - 6

claim against the non-diverse defendants at issue. See, e.g., Morris, 236 F.3d at 1067-68 (affirming finding of fraudulent joinder in negligent misrepresentation action where the nondiverse defendant's alleged misrepresentation was "devoid of any meaningful specificity," the plaintiffs' past actions established that they "could not have reasonably relied upon such statement in any event," and a plaintiff's own affidavit "specifically denied that she ever discussed" the alleged matters with the defendant).

Here, by contrast, it is undisputed that Defendant Romero was involved in Plaintiff's termination. While the facts as stated in Plaintiff's Complaint might not enable Plaintiff to prevail on the merits of her intentional infliction of emotional distress claim, this Court cannot say that Wal-Mart has met its heavy burden of demonstrating that Plaintiff cannot state a valid claim against individual Defendant Romero. Accordingly, Plaintiff's *ex parte* Application to Remand is GRANTED.[1]

**V.     CONCLUSION**

Plaintiff's *ex parte* Application to Remand is GRANTED for the reasons set forth in this Order

---

[1] The Court hereby VACATES the briefing schedule set forth at the new case status conference held on Monday May 14, 2012 in light of the Court's finding that remand is appropriate. (See Dkt. No. 11).

:

Initials of Preparer     PMC